UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS MOTORSPORTS, LLC and<br>BENTLEY HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FERRARI NORTH AMERICA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:11CV01346 RWS<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Plaintiff St. Louis Motorsports, LLC ("Motorsports") owns and operates high-end automobile dealerships, and plaintiff Bentley Holdings, LLC ("Holdings") is Motorsports' sole shareholder. Between 2003 and 2006, Motorsports entered a business relationship with Ferrari North America ("FNA") as both a Maserati dealer and Ferrari service provider. Plaintiffs allege that FNA promised to grant Motorsports a Ferrari dealership agreement in exchange for Plaintiffs meeting certain conditions. Plaintiffs allege that they performed their obligations and that FNA has refused to grant them a Ferrari dealership. In reliance on FNA's promise to provide Plaintiffs with a Ferrari dealership, Plaintiffs allege that they purchased property for a showroom for $1 million. Plaintiffs seek relief under seven different causes of action: (1) promissory estoppel, (2) fraudulent inducement, (3) unjust enrichment, (4) breach of oral contract, (5) civil conspiracy, (6) negligent misrepresentation, and (7) violation of the Missouri Motor Vehicle Franchise Practices Act.

FNA has moved to dismiss all the claims.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the

complaint and view them in the light most favorable to Plaintiff.  Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

This action is before the court under 28 U.S.C. § 1332(a), and therefore, all issues of substantive law are governed by Missouri state law.  See Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007) (district court sitting in diversity applies the law of the state in which it sits).

Plaintiffs' complaint alleges sufficient facts as to the majority of their claims which raise a right to relief above the speculative level.  FNA's motion to dismiss challenges the factual basis for Plaintiffs' claims.  Such challenges are more appropriate in a motion for summary judgment.  However, I agree with FNA that Plaintiffs fail to state a claim for civil conspiracy and for a violation of the Missouri Motor Vehicle Franchise Practices Act.

"A civil conspiracy consists of (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful acts, and (5) damages as the proximate result thereof." Edmonds v. Hough, 344 S.W.3d 219, 225 (Mo. App. 2011). "Civil conspiracy is not a cause of action in and of itself; rather, it acts to hold the conspirators jointly and severally liable for the underlying act." 8000 Maryland, LLC v.

<u>Huntleigh Financial Services Inc.</u>, 292 S.W.3d 439, 451 (Mo. App. 2009).  Plaintiffs allege that FNA and its agents acted in a conspiracy to falsely induce Plaintiffs to undertake various actions, such as entering a Maserati Dealership Agreement, entering a Ferrari Service Agreement, and purchasing property, in anticipation of obtaining a Ferrari dealership.  As a matter of law, a corporation and its agents are a single person, and a corporation cannot conspire with itself.  See <u>Cross v. GMC</u>, 721 F.2d 1152, 1156 (8th Cir. 1983).  As a result, FNA, the sole defendant in this matter, cannot be liable to Plaintiffs for conspiring with its own agents.

Plaintiffs also allege that FNA violated the Missouri Motor Vehicle Franchise Practices Act ("MMVFPA") in three respects.  First, by acting "capriciously or not in good faith;" second, by "failing and refusing to continue to allocate, sell and/or deliver new vehicles" to Plaintiffs; and third, by engaging in "inequitable distribution" among its dealers, including Plaintiffs, who allege they were a *de facto* dealer.

To have standing under the MMVFPA, however, Plaintiffs must be a "franchisee" under that statute.  Mo. Rev. Stat. § 407.822.  A motor vehicle "franchisee" is "a person to whom a franchise is granted." Mo. Rev. Stat. § 407.815(9).  A "franchise" is a "written arrangement or contract . . . in which a person grants to another person a license to use . . . a trade name . . . and . . . is substantially reliant on . . . the continued supply of franchised new motor vehicles, parts and accessories for sale." Mo. Rev. Stat. §  407.815(8).

Plaintiffs lack standing under the MMVFPA because they do not have a written Ferrari dealership agreement with FNA. To the contrary, Plaintiffs' entire complaint is based on the argument that FNA allegedly reneged on its oral promises with Motorsports and Holdings and failed to provide such a written agreement.

Neither the Maserati Dealership Agreement, nor the Ferrari Service Agreement could constitute a Ferrari franchise agreement.  Both contracts have integration clauses that confine FNA's obligations to the written agreements.  Motorsports, therefore, cannot claim that either agreement gives it standing as a Ferrari "franchisee" under the MMVFPA.  Holdings cannot claim to be a "franchisee" under the contracts either, because it is not a party to the agreements.

Nor do the written orders that Plaintiffs placed for the individual Ferraris that Motorsports did sell constitute a "franchise agreement."  A "franchise agreement" under Mo. Rev. Stat. § 407.815(8) is one that involves the continued supply of franchised new motor vehicles.  Motorsports and Holdings only allege that they placed individual written orders.  They plead no facts to suggest that the written orders involved the continued supply of franchised new motor vehicles.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant FNA's motion to dismiss [#31] is granted as to Plaintiffs' conspiracy claim and MMVFPA claim and denied as to Plaintiffs' remaining claims.

**IT IS FURTHER ORDERED that** Defendant's motion to supplement the record in support of its motion to dismiss [#50] is **DENIED**.

                                                                    _____
                                                                    RODNEY W. SIPPEL
                                                                    UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2012.