UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. LOUIS MOTORSPORTS, LLC and
BENTLEY HOLDINGS, LLC,

    *Plaintiffs*,

v.

                        Case No. 4:11-cv-01346-RWS

FERRARI NORTH AMERICA, INC.,

    *Defendant*.
_____/

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs, ST. LOUIS MOTORSPORTS, LLC ("Motorsports") and BENTLEY HOLDINGS, LLC ("Holdings") (collectively, "Plaintiffs"), hereby file their Reply Memorandum in Support of Their Motion to Compel Production of Documents. In support thereof, Plaintiffs state as follows:

**I.    INTRODUCTION**

Defendant, FERRARI NORTH AMERICA, INC. ("FNA"), refuses to produce documents responsive to Request Nos. 18, 19, 20, 23 and 24 of Plaintiffs' First Request for Production of Documents because FNA claims that the "essential issue here is whether FNA made an enforceable oral promise to . . . Motorsports . . . which required FNA to establish a Ferrari dealership in St. Louis and to appoint Motorsports as the authorized dealer," and, therefore, the documents sought are not relevant. FNA's Opposition to Plaintiffs' Motion to Compel Production of Documents [Doc. # 61] ("Opposition"), p. 1. FNA's contention is not only erroneous, but completely ignores that the Federal Rules of Civil Procedure allow for broad

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

discovery and that the documents sought by Request Nos. 18, 19, 20, 23 and 24 are clearly relevant to the claims and defenses in this case.

FNA further claims that the requests are unduly burdensome, but this objection was not raised in its response to Request Nos. 18, 19, 20, 23 or 24.[1]  As such, this objection is not only improper but has been waived.  In a final attempt to avoid its discovery obligations to Plaintiffs, FNA also argues that Plaintiffs' Motion to Compel Production is untimely.  However, FNA simply has no basis to make this assertion.  Namely, the Court's Case Management Order – Track 2: Standard ("Case Management Order") [Doc. # 56] specifically provides that "[m]otions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above." Case Management Order, ¶ 3(g).  The discovery deadline is May 31, 2013. *Id.* at ¶ 3(f).  Plaintiffs' Motion to Compel Production is, therefore, well within the time frame established by this Court.

Accordingly, Plaintiffs respectfully request that this Court grant their instant Motion to Compel Production and enter an Order: (i) compelling FNA to immediately produce all documents in its possession, custody or control that are responsive to Request Nos. 18, 19, 20, 23 and 24 of Plaintiffs' First Request for Production; and (ii) granting Plaintiffs their attorneys' fees and costs for having to bring this Motion.

## II.   ARGUMENT

### A.   Request Nos. 18, 19, 20, 23 And 24 Are Relevant To The Claims And Defenses In This Case.

FNA repeatedly claims throughout its Opposition that Plaintiffs are not entitled to documents responsive to Request Nos. 18, 19, 20, 23 and 24 because they are not relevant to

---

[1] *See* Ex. B to Plaintiffs' Motion to Compel Production [Doc. # 60].

2

whether there was an enforceable promise to Motorsports. Opposition, pp. 1, 3, 6. FNA's contention has no merit and its argument is misplaced.

First, FNA's self-serving standard of relevance is inconsistent with the Federal Rules of Civil Procedure. FNA claims that Plaintiffs' discovery must be limited to whether there was an enforceable promise to Motorsports because, according to FNA, this is the "fundamental issue presented by the various claims." Opposition, pp. 1, 3. Fed. R. Civ. P. 26(b)(1), however, broadly provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Further, it is well-established that "[i]n a discovery context, relevancy 'has been construed broadly to encompass **any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case**.'" *Hemminghaus v. Missouri*, 2012 WL 2154522, 4 (E.D. Mo. June 13, 2012) (*quoting Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)) [emphasis added]; *Cincinnati Insurance Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, *1 (E.D. Mo. July 27, 2010) (same); *American Builders & Contractors Supply Co., Inc. v. Roofers Mart, Inc.*, 2011 WL 5178154, *1 (E.D. Mo. Nov. 1, 2011) ("Relevancy is broadly construed, and 'a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.'") (citation omitted). Thus, discovery is clearly not limited to what is relevant to the "fundamental issue" raised by the claims in this case, and is certainly not limited to what FNA deems to be the "fundamental issue" in this case.

Second, Plaintiffs' claims against FNA for promissory estoppel, fraudulent inducement, implied contract – unjust enrichment, breach of oral contract, and negligent misrepresentation are

3

ZARCO EINHORN SALKOWSKI & BRITO
MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

clearly not limited to the issue of whether there was an enforceable promise to Motorsports. Indeed, FNA completely ignores Plaintiffs' fraudulent inducement claim and the factual allegations Plaintiffs assert in their First Amended Complaint to support their claims. In doing so, FNA erroneously contends that Plaintiffs are only entitled to documents which either "prove or disprove whether there was an enforceable promise made to Motorsports," and that Request Nos. 18, 19, 20, 23 and 24 are irrelevant because they have "nothing to do with whether there was an enforceable promise to Motorsports."[2] Opposition, pp. 6-7. Therefore, because the Federal Rules of Civil Procedure allow for broad discovery and because Plaintiffs' claims, as well as FNA's defenses, are not limited to the issue of whether there was an enforceable promise, FNA has failed to meet its burden of showing that its objections to Request Nos. 18, 19, 20, 23 and 24 are valid. *Cincinnati Insurance Co.*, 2010 WL 2990118 at *1 ("after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper."); *Pinnix v. Centaur Bldg. Supply Services, Inc.*, 2008 WL 4826306, *1 (E.D. Mo. Nov. 4, 2008) ("The party resisting production bears the burden of establishing lack of relevancy or undue burden.") (*citing Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D. Kan. 1997)).

---

[2] Despite claiming that Plaintiffs are not entitled to the discovery sought by Request Nos. 18, 19, 20, 23 and 24 because they have nothing to do with whether there was an enforceable promise to Motorsports, FNA itself has sought discovery that is well-beyond this issue. For example, FNA sought documents from Motorsports' other vehicle manufacturers seeking, *inter alia*: (i) applications and other related documents that Motorsports submitted to seek designation as an authorized dealer; (ii) communications from these vehicle manufacturers concerning Motorsports' applications; (iii) the dealer agreements between Motorsports and its other vehicle manufacturer lines; and (iv) documents to show management, capital and facility requirements of the other vehicle manufacturers. *See* Schedule A to the subpoenas issued to Motorsports' other vehicle manufacturers, a copy of which is attached hereto as **Exhibit "A."** FNA has also sought documents from Motorsports that have nothing to do with whether there was an enforceable promise to Motorsports. *See* FNA's First Request for Production of Documents and FNA's Second Request for Production of Documents, which are attached hereto as **Exhibits "B"** and **"C,"** respectively.

As set forth in Plaintiffs' Motion to Compel Production, Request Nos. 18, 19, 20, 23 and 24 seek documents that are relevant to the claims and defenses asserted in this case.[3] Specifically, Request No. 18 seeks documents related to Plaintiffs' claims of FNA's mal-allocation of new Ferrari vehicles to Motorsports, among others, and FNA's wrongful conduct towards Motorsports to hide such mal-allocation from FNA's existing dealers, including offering Motorsports a Ferrari service-only agreement with repeated promises and false representations to Plaintiffs that a full written Ferrari service and sales agreement would soon be provided. *See* Plaintiffs' First Amended Complaint, ¶¶ 18-23, 42-47, 66.[4]  Request Nos. 19, 20, 23 and 24 seek documents related to the number and location of Ferrari sales and service dealerships awarded in the U.S. since 2008 and to the appointments of certain Ferrari dealerships, including, but not limited to, Ferrari of Tampa, Ferrari of Calgary, Ferrari of Palm Beach and Ferrari of Austin, which were granted without Motorsports' knowledge and while FNA repeatedly assured Motorsports that a written Ferrari sales and service agreement would be forthcoming shortly when Ferrari new vehicle "allocation" ramped up. *Id.* at ¶¶ 20, 34-38, 40, 77.  These requests

---

[3] FNA claims that Plaintiffs ignored "extensive discussions that parties have had on discovery issues wherein FNA articulated why it believed that the documents concerning other dealer were not relevant. While FNA was repeatedly clear, at no time during those discussions did Plaintiffs articulate why they believed that the documents being requested were actually relevant to particular claims or defenses." Opposition, p. 7.  This assertion is absolutely false.  During discussions the parties had on discovery issues, Plaintiffs disagreed with FNA's position and articulated why Plaintiffs believed Request Nos. 18, 19, 20, 23 and 24 to be relevant.  Indeed, on May 30, 2012, Plaintiffs' counsel sent a letter to FNA's counsel explaining why Plaintiffs believed these requests were relevant.  A true and correct copy of the May 30, 2012 letter is attached hereto as **Exhibit "D."**  Thereafter, Plaintiffs' counsel participated in **two** conference calls with FNA's counsel, on June 1, 2012 and again on September 12, 2012, in a good faith effort to resolve FNA's objections to these requests.  The parties, however, could not reach an agreement and FNA refused to produce documents responsive to these requests.  As a result, the third follow-up conference suggested by FNA, to only rehash each party's position as to why FNA believed the requests were irrelevant and why Plaintiffs believed they were, was unnecessary.  Plaintiffs' counsel advised FNA's counsel of such and proceeded with the Motion to Compel Production.

[4] As alleged in the First Amended Complaint, no other dealer in the United States was an authorized Ferrari "service only" facility at this time.  First Amended Complaint, ¶ 20.

further relate to Plaintiffs' allegations that FNA awarded Ferrari sales and service agreements to these other dealers to ensure that "allocation" would not be sufficient to provide the sales agreement promised to Motorsports. *Id.*  Furthermore, Request Nos. 19, 20, 23 and 24, are relevant to FNA's claims and defense that Motorsports' claims fail because Motorsports never submitted an application or business plan for a Ferrari sales and service dealership and never followed FNA's formal appointment process.  *See* FNA's Complaint for Declaratory Judgment, ¶¶ 6, 40, 41, 50;[5] *see also* FNA's Answer to the Amended Complaint [Doc. No. 58], ¶ 35 and Eleventh Defense.  Accordingly, Request Nos. 18, 19, 20, 23 and 24 seek documents that are clearly relevant to the claims and defenses in this case, and FNA should be compelled to produce documents responsive to these requests.

> **B.    FNA Waived Its Unduly Burdensome Objection, The Requests Are Not Overbroad And Plaintiffs' Motion To Compel Is Timely.**

FNA further argues in its Opposition that Request Nos. 18, 19, 20, 23 and 24 are overbroad and unduly burdensome.  Opposition, p. 7.  These objections have no merit.  First, because FNA failed to assert an unduly burdensome objection in response to Request Nos. 18, 19, 20, 23 and 24, such objection has been waived.  Further, FNA's complaint that it would have to undertake an allegedly immense amount of document collection and review for "at least four and possibly more dealerships relationship" is clearly exaggerated, as Plaintiffs' requests that seek information relating to other dealers are reasonably limited to documents concerning these dealers' *appointments*, and not the entire relationship between these dealers and FNA. *Id.* at p. 8. Second, these requests are not overly broad.  A review of Request Nos. 18, 19, 20, 23 and 24

---

[5] *See* Doc. No. 1 in the case styled: *Ferrari North America, Inc. v. St. Louis Motorsports, LLC, et al.*; Case No.: 4:12-cv-00358-RWS, United States District Court in and for the Eastern District of Missouri (the "Transferred N.J. Docket"), which was transferred from the United States District Court in and for the District of New Jersey to this Court on February 28, 2012, and was consolidated with the instant action on May 16, 2012.

reveal that they are limited in scope and, as set forth above, are relevant to the claims and defenses in this case.  FNA also complains of Plaintiffs' definition of "document" in Plaintiffs' First Request for Production.  Yet, FNA never raised any such objection in its Response to Plaintiffs' First Request for Production.  *See* Ex. B to Motion to Compel Production.  This is because Plaintiffs' definition of "documents" is not broader than what is permitted by the Federal Rules of Civil Procedure.  Therefore, Request Nos. 18, 19, 20, 23 and 24 are demonstrably neither overbroad nor unduly burdensome.

Finally, because FNA cannot support its improper objections to Request Nos. 18, 19, 20, 23 and 24, FNA has now taken the erroneous position that Plaintiffs' Motion to Compel Documents is untimely.  However, the Court's Case Management Order clearly states that "[m]otions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above," which is May 31, 2013.  Case Management Order, ¶ 3(g) and (f).  As Plaintiffs have filed their Motion to Compel Production approximately eight (8) months in advance of the Court's deadline, Plaintiffs' Motion is timely.

Accordingly, Request Nos. 18, 19, 20, 23 and 24 seek documents relevant to the claims and defenses in this action, and FNA's objections thereto are patently improper.  As such, FNA should be compelled to produce all documents in its possession, custody and control that are responsive to these requests.

## III.  CONCLUSION

**WHEREFORE**, Plaintiffs, ST. LOUIS MOTORSPORTS, LLC and BENTLEY HOLDINGS, LLC, respectfully request that this Court enter an Order: (i) compelling Defendant, FERRARI NORTH AMERICA, INC, to produce all documents responsive to Request Nos. 18,

7

19, 20, 23 and 24 of Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure; (ii) awarding Plaintiffs their reasonable expenses and attorneys' fees incurred in bringing this Motion in accordance with Federal Rule of Civil Procedure 37(a)(5)(A); and (iii) granting Plaintiffs such other and further relief as is just and proper.

Date:   October 1, 2012.              ZARCO EINHORN SALKOWSKI & BRITO, P.A.

By:   /s/ *Kaari Gagnon*
    Robert Zarco, Esq.  (Fla. Bar. No. 502138)
    Robert F. Salkowski, Esq. (Fla. Bar No. 903124)
    Kaari Gagnon, Esq. (Fla. Bar. No. 46106)
    Miami Tower
    100 S.E. 2nd Street, 27th Floor
    Miami, FL 33131
    Phone: 305-374-5418
    Fax: 305-374-5428
    (Admitted *Pro Hac Vice*)

-And-

HERZOG CREBS LLP
Gene J. Brockland  #32770MO
Brian M. Wacker    #61910MO
100 North Broadway, 14th Floor
St. Louis, MO  63102
Phone: 314-231-6700
Fax:     314-231-4656

Attorneys for Plaintiffs
St. Louis Motorsports, LLC and
Bentley Holdings, LLC

**CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies that on October 1, 2012, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen H. Rovak
SNR Denton US LLP
One Metropolitan Square, Suite 3000
St. Louis, MO 63102-2741

Daniel L. Goldberg
John R. Skelton
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726

Gene J. Brockland
Brian M. Wacker
HERZOG CREBS LLP
100 North Broadway, 14th Floor
St. Louis, MO 63102

            By: /s/ *Kaari Gagnon*_____

**ZARCO EINHORN SALKOWSKI & BRITO**
**MIAMI TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**